UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRFAN MAHMOOD,<br><br>               Plaintiff,<br>    v.<br><br>JOHN MCHUGH,<br><br>               Defendant. | Case No. 5:14-cv-02365-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 11)** |

Defendant John McHugh seeks to dismiss a complaint filed by Plaintiff Irfan Mahmood alleging discrimination and retaliation. Mahmood has not filed an opposition to the motion, nor does he seek to do so. In fact, he filed a statement of non-opposition asking the court to decide the motion on the papers.[1] Mahmood is represented by counsel.

In the absence of any opposition, the court is persuaded that Mahmood's discrimination claim is barred because he failed to exhaust administrative remedies as to that allegation before filing a civil action in federal court.[2] Mahmood did satisfy his administrative remedy requirements as to his retaliation claim by filing a complaint with the EEOC, but before this suit, his discrimination claim had never seen the light of day.

---

[1] *See* Docket No. 22.

[2] *See Pesek v. Gates*, 247 F. App'x 62, 63 (9th Cir. 2007).

1
Case Nos. 5:14-cv-02365-PSG
ORDER GRANTING MOTION TO DISMISS

As to his retaliation claim, Mahmood has failed to allege that McHugh's actions were materially adverse such to "dissuade a reasonable worker from making or supporting a charge of discrimination."[3] Mahmood has only alleged that he was moved to a new, shared office, that he was counseled about inter-department communications, that he received a poor performance review and that he was not permitted to bring his child to work.[4] Absent anything more, Mahmood has not stated a claim of retaliation. McHugh's motion to dismiss is GRANTED.

While the Ninth Circuit allows amendments to complaints with "extreme liberality,"[5] that does not mean that every amendment can meet the requisite threshold. Rather, there are "four factors [that are] commonly used to determine the propriety of a motion for leave to amend[:] bad faith, undue delay, prejudice to the opposing party, and futility of amendment."[6] Under these circumstances, there is no indication that Mahmood has any intention of proceeding with the case and any future amendment would only serve to prejudice McHugh and cause further delay. Mahmood further does not indicate in his statement of non-opposition that he believes an amendment can pass muster. Leave to amend would be inappropriate.

**SO ORDERED.**

Dated: January 5, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[3] *Swinnie v. Geren*, 379 F. App'x 665, 667 (9th Cir. 2010).

[4] *See* Docket No. 1 at ¶¶ 9-15.

[5] *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

[6] *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 155-56 (N.D. Cal. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).